UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DR. STELLA IMMANUEL, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:21-CV-00587 |
| CABLE NEWS NETWORK, INC. | § § § | |
| Defendant. | § § § § | |

**CABLE NEWS NETWORK, INC.'S MOTION TO STAY
DEADLINES PENDING DETERMINATION OF PROPER VENUE
AND/OR ITS MOTION TO DISMISS**

i

4871-3890-2028v.2 0026517-000212

*/s/ Robert P. Latham*
Robert P. Latham
State Bar No. 11975500
blatham@jw.com
Demi Williams
State Bar. No. 24084101
dswilliams@jw.com
**JACKSON WALKER LLP**
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
(214) 953-6000 – Telephone
(214) 953-5822 – Facsimile

Katherine M. Bolger
katebolger@dwt.com
Jesse Feitel
jessefeitel@dwt.com
Sam F. Cate-Gumpert
samcategumpert@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1251 Avenue of the Americas, 21st Floor
New York, New York 10020-1104
(212) 489-8230 – Telephone
(212) 489-8340 – Facsimile
*Pro Hac Vice*

**ATTORNEYS FOR CABLE NEWS NETWORK, INC.**

Defendant Cable News Network, Inc. ("CNN") submits this Motion to Stay Discovery pending determination of proper venue and/or a decision on its motion to dismiss. Defendants have met and conferred with counsel for Plaintiff Dr. Stella Immanuel ("Plaintiff" or "Dr. Immanuel"), who has informed Defendant that she will oppose the relief sought in this motion. As explained further below, the requested stay will not prejudice Plaintiff and very well may conserve both the Parties' and the Court's resources.

## PRELIMINARY STATEMENT

This is a defamation case brought by Dr. Immanuel, a Houston-based doctor, against CNN for defamation. CNN has filed two preliminary motions in this action. The first, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 1404(a) and 1406(a), sought either dismissal or transfer based on improper venue, because neither Dr. Immanuel nor her claim have any connection to this District. Rather, the jurisdiction with the closest connection to this case is the United States District Court for the Southern District of Texas, where Dr. Immanuel lives, practices medicine, and preaches. CNN also moved to dismiss the case pursuant to Rule 12(b)(6) on the grounds that there can be no question that Dr. Immanuel herself made the statements quoted in CNN's reporting, and, to the extent CNN analyzed or commented on those statements, that commentary is protected as fair comment and/or opinion on a matter of overwhelming public concern.

Dr. Immanuel's initial disclosures (attached hereto as Exhibit A) and the joint status report (Dkt. 23) – in which Dr. Immanuel announces her intention to depose former President Trump and two current members of Congress, and to pit Dr. Anthony Fauci's scientific conclusions against those of a Yale professor named Dr. Harvey Risch – merely emphasize that this case is not about a reputational harm but, instead, represents a desire on Plaintiff's side to have this Court resolve

1

the public debate over the use of hydroxychloroquine ("HCQ") to treat COVID-19 ("COVID"). This case does not belong in this Court – or any court – and this Court should stay discovery pending a decision on the pending motions to dismiss and/or transfer.

## ARGUMENT

"Rule 8 . . . does not unlock the doors of discovery for a plaintiff" when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). As a result, "'[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.'" *Bickford v. Boerne Indep. Sch. Dist.*, No. 5:15-CV-1146-DAE, 2016 WL 1430063, at *1 (W.D. Tex. Apr. 8, 2016) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)). *See also McAllen Anesthesia Consultants, P.A. v. United Healthcare Servs., Inc.*, Civil Action No. 7:14-CV-913, 2015 WL 12839785, at *2 (S.D. Tex. July 17, 2015) ("As recognized by the Fifth Circuit, the Federal Rules of Civil Procedure afford district courts 'wide discretion in determining the scope and effect of discovery.' This power includes the ability to set the timing and sequence of discovery and to stay discovery until preliminary questions that may dispose of the case are determined." (footnotes omitted)).

> To determine whether a stay is appropriate a district court "must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997); *see also Von Drake v. Nat'l Broad. Co., Inc.*, No. 3-04-CV-0652-R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) (staying discovery "may be appropriate where the disposition of a motion to dismiss 'might preclude the need for the discovery altogether thus saving time and expense'" (quoting *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990))).

*Bickford*, 2016 WL 1430063, at *1. Accordingly, courts assess the burden of responding to discovery and "the strength of the dispositive motion filed by the party seeking a stay." *McAllen*

*Anesthesia Consultants, P.A.*, 2015 WL 12839785, at *2 (footnote omitted). *See also Von Drake v. Nat'l Broad. Co., Inc.*, No. 3-04-CV-0652R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004). Moreover, the Fifth Circuit has noted the adverse effect that libel actions, even those without merit, can have on free speech and freedom of the press. *See Reeves v. McConn*, 631 F.2d 377, 387 (5th Cir. 1980).

Here, there are not one but two compelling pending motions that, if granted, would result in transfer or dismissal of this case. First, CNN has moved to dismiss the action for improper venue and/or to transfer the action to the United States District Court for the Southern District of Texas, because "all the events or omissions giving rise to [Plaintiff's] claim happened outside of the" Eastern District. *See Holz v. United States*, No. 3:08-CV-1568-P, 2009 WL 10704725, at *3 (N.D. Tex. Sept. 28, 2009) (holding that venue was improper and dismissing case where "all the events or omissions giving rise to [Plaintiff's] claim happened outside of the Northern District of Texas."). Dr. Immanuel's medical practice is based in Houston and her ministry is based in Brookshire, Texas, and, as a result, most witnesses to the alleged truth of the defamatory statements contained in the CNN reporting, as well as witnesses who could speak to the damage (or lack thereof) Dr. Immanuel allegedly suffered are located in and around Houston. Despite opposing the motion to transfer venue, Dr. Immanuel has not identified a single person or entity relevant to this action in this District. In fact, Dr. Immanuel did not name a single witness located within the subpoena power of this Court in either the Joint Report of The Parties' Planning Meeting Pursuant to Rule 26(F) ("Joint Report") or her initial disclosures. On the contrary, the only relevant witnesses Dr. Immanuel named in the Joint Report were Anderson Cooper and Kaitlin Collins of CNN, an organization to which Dr. Immanuel belongs called America's Frontline Doctors, which is not based in Texas, Dr. Harvey A. Risch from Yale University in Connecticut, and Dr. Anthony

3

Fauci of the NIHH in Washington, DC. CNN, therefore, feels that it has a strong motion to dismiss or transfer for improper venue.

CNN's motion to dismiss pursuant to Rule 12(b)(6) is similarly strong, as Dr. Immanuel has failed to plausibly allege a defamation claim. In particular, it is axiomatic that a statement must be *false* to be actionable as defamation. *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015); *see Tu Nguyen v. Duy Tu Hoang*, 318 F. Supp. 3d 983, 1006 (S.D. Tex. 2018) (Texas requires the "publication of a false statement of fact"). Here, Dr. Immanuel will never be able to demonstrate that the allegedly defamatory statements of fact are false, because the factual statements made about Dr. Immanuel in the report are direct quotations from Dr. Immanuel herself that were captured on video. Dr. Immanuel instead takes exception to CNN's reporting, based on established medical experts, that HCQ is *not* an effective COVID treatment. At bottom, what Dr. Immanuel is really asking this Court to do is settle the public debate over the use of HCQ to treat COVID. But it is not the proper role of this or any court to determine the truth or falsity of medical or scientific claims, and it is certainly not a court's role to declare one doctor a "winner" entitled to windfall personal damages. *ONY, Inc. v. Cornerstone Therapeutics, Inc.*, 720 F.3d 490, 492 (2d Cir. 2013) ("as a matter of law, statements of scientific conclusions about unsettled matters of scientific debate cannot give rise to liability for damages sounding in defamation."). Dr. Immanuel's initial disclosures confirm Dr. Immanuel's intent to turn this defamation action into a public reckoning about the use of HCQ. Rather than name individuals who might have knowledge of her statements or her alleged damages, Dr. Immanuel instead names – as persons with knowledge of this mater, in addition to those listed in the Joint Report – former President Donald Trump, Congressmen Ralph Norman and Jim Jordan, and Dr. Robert Redfield of the CDC. By naming these witnesses, none of whom resides in this District, Dr. Immanuel has made clear her

4

intention to turn this lawsuit into a debate about HCQ that simply does not belong in this or any other court.

In light of CNN's pending motions, a brief stay of all current deadlines is in the best interest of the Parties and the Court. The requested stay would allow the Court to focus on resolving the venue and 12(b)(6) motions without distraction, while simultaneously allowing the Parties to avoid incurring significant – and potentially unnecessary – discovery costs during the early stages of litigation (*e.g.*, responding to discovery requests; document collection, production, and review; meeting and conferring regarding discovery disputes; participating in the depositions contemplated by Plaintiff; etc.).

A stay is particularly warranted here, because counsel for Dr. Immanuel, Steven Biss, who has not yet filed a *pro hac vice* application in this Court but whose name is on the Complaint and listed in the Joint Report, has a history of making bad faith allegations against defendants in defamation actions, including bad faith conduct towards CNN. Just a few months ago, the United States District Court for the District of Maryland sanctioned Mr. Biss in the amount $21,437.50 in attorneys' fees and $52.26 in expenses, because he "engaged in bad faith conduct in filing the last-minute Amended Complaint" against CNN. *Harvey v. CNN*¸ Case 1:20-cv-03068-RDB, (ECF No. 60). In particular, the Court concluded that Mr. Biss' filing of an amended complaint that did not address the deficiencies that led to the dismissal of the original complaint was "the sort of bad faith courts have repeatedly found to merit sanctions under 28 U.S.C. § 1927 and the courts' inherent power to sanction." *Harvey v. Cable News Network, Inc.*, No. CV RDB-20-3068, 2021 WL 1215083, at *5 (D. Md. Mar. 31, 2021), *reconsideration denied*, 2021 WL 1516009 (D. Md. Apr. 16, 2021).

5

As the *Harvey* court noted, its sanctions decision joined a "chorus" of courts reprimanding Mr. Biss for his litigation conduct – including his conduct towards CNN. In particular, the United States Court of Appeals for the Fourth Circuit in *Lokhova v. Halper*, 995 F.3d 134 (4th Cir. 2021), commented on Mr. Biss' conduct, stating:

> Of note, this is not the first time attorney Biss's litigation conduct has earned reprimand. His history of unprofessional conduct is long. *See, e.g.*, *Nunes v. Cable News Network, Inc.*, No. 3:19-cv-889, 2020 WL 2616704, at *2 (E.D. Va. May 22, 2020) ("It is with chagrin that the Court must begin to address this motion by observing that Plaintiff engages in ad hominin attacks against CNN and others in the Amended Compliant which the Court cannot tolerate." (alterations and internal quotation marks omitted) (quoting *Steele v. Goodman*, No. 3:17-cv-601, 2019 WL 3367983, at *3 (E.D. Va. July 25, 2019))); *see also Nunes v. Lizza*, 486 F. Supp. 3d 1267, 1299–1300 (N.D. Iowa 2020) (requiring Biss to file "a second amended complaint ... stripped of all such spurious allegations" and directing Biss "not to file any further public pleadings referencing such matters without first obtaining leave of the Court and showing that there is a good faith factual basis for the allegations and that they are relevant and material to some matter at issue in this litigation"). In fact, attorney Biss had his license suspended in 2009 for unprofessional conduct including breaching fiduciary duties and violating federal securities law. *See Va. State Bar v. Biss*, No. CL07-1846 (Va. Cir. Ct. Nov. 26, 2008). And, even during his suspension period, attorney Biss failed to be forthright about his suspension status with an opposing party when engaging in negotiations on behalf of a client, resulting in an additional 30 day suspension of his license. *See In re Steven Scott Biss*, No. 09-032-078962 (Va. State Bar Disciplinary Bd. Nov. 3, 2009).

*Id.* at 149. Similarly, in *Steele v. Goodman*, No. 3:17CV601, 2019 WL 3367983 (E.D. Va. July 25, 2019), the Court reprimanded Mr. Biss for falling "well below the standards of practice this Court expects" and engaging in "unprofessional theatrics" and "juvenile bullying."

In short, Mr. Biss has a history of bad faith litigation conduct, including against CNN. And Plaintiff echoes those bad faith allegations in this case, accusing CNN of being "a Democratic Party trumpet" among other claims in the Complaint and Opposition to CNN's Motion to Dismiss. *See* Dkt. 1, p. 1; Dkt. 15, p. 18. This Court should exercise its discretion to stay discovery such that CNN does not have to engage in discovery in a meritless lawsuit against an adversary who refuses to play by the rules.

6

Finally, there is no prejudice to Dr. Immanuel that would result from the stay. The CNN report at issue was telecast on July 29, 2020. Dr. Immanuel waited a full year to even complain about the report to CNN, reaching out to CNN by letter for the first time on July 1, 2021. Further, CNN notified Dr. Immanuel by letter dated July 30, 2021 that her claims were baseless, setting forth the arguments that ultimately formed the basis of the motion to dismiss. But Dr. Immanuel pushed forward with her complaint anyway. Any allegations of prejudice, therefore, ring hollow.

For these reasons, CNN respectfully requests that this Court stay discovery pending a decision on the pending motions to dismiss or transfer venue.

Dated: February 4, 2022

Respectfully submitted,

*/s/ Robert P. Latham*
Robert P. Latham
State Bar No. 11975500
blatham@jw.com
Demi Williams
State Bar. No. 24084101
dswilliams@jw.com
**JACKSON WALKER LLP**
2323 Ross Avenue, Suite 600
Dallas, Texas  75201
(214) 953-6000 – Telephone
(214) 953-5822 – Facsimile

Katherine M. Bolger
katebolger@dwt.com
Jesse Feitel
jessefeitel@dwt.com
Sam F. Cate-Gumpert
samcategumpert@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1251 Avenue of the Americas, 21st Floor
New York, New York 10020-1104
(212) 489-8230 – Telephone
(212) 489-8340 – Facsimile
*Pro Hac Vice*

**ATTORNEYS FOR CABLE NEWS NETWORK, INC.**

**CERTIFICATE OF SERVICE**

  This is to certify that this document was served on all counsel of record through the Court's electronic filing system on February 7, 2022.

                 */s/ Robert P. Latham*
                 Robert P. Latham


**CERTIFICATE OF CONFERENCE**

  Pursuant to Local Rule CV-7(h), the undersigned and Katherine M. Bolger, as counsel for CNN conferred with Mr. Steven Biss, Plaintiff's counsel, via a telephone conference on January 18, 2022. The parties were able to agree on most matters related to the scheduling of the case. However, with regard to a stay of discovery pending a decision on the motions to dismiss, Plaintiff was not agreeable to a such a formal stay.

                 */s/ Robert P. Latham*
                 Robert P. Latham

4871-3890-2028v.2 0026517-000212