# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| DR. STELLA IMMANUEL, § | |
| § | |
| *Plaintiff*, § | |
| § | Civil Action No. 4:21-CV-00587 |
| v. § | Judge Mazzant |
| § | |
| CABLE NEWS NETWORK, INC., § | |
| § | |
| *Defendant*. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Dismiss for Improper Venue or, in the Alternative, Motion to Transfer (Dkt. #10). Having considered the motion and the relevant pleadings, the Court finds the motion should be **GRANTED in part.**

### BACKGROUND

On July 27, 2020, "America's Frontline Doctors" gathered on the steps of the United States Supreme Courthouse to show support for the use of hydroxychloroquine ("HCQ") in the treatment of COVID-19. "America's Frontline Doctors" is a political group of physicians "committed to educating the American public and political leaders" about HCQ treatment, "as well as other issues related to the COVID-19 pandemic, from an unbiased medical perspective" (Dkt. #1 ¶ 3). One of the organization's members present that day was Plaintiff Dr. Stella Immanuel ("Dr. Immanuel")—a licensed primary care physician from Houston, Texas—who gave a speech on her experience treating COVID-19 with HCQ.

A videotape of Dr. Immanuel's speech quickly went viral on the Internet, even being retweeted on Twitter by President Donald Trump. In response to Dr. Immanuel's speech, Defendant Cable News Network, Inc. ("CNN") published a series of tweets and news broadcasts, generally alleging that Dr. Immanuel "'was spreading conspiracy theories on COVID-19' and

promot[ing] an 'unproven drug'" as an effective treatment option (Dkt. #1 ¶ 5). According to Dr. Immanuel, CNN also disparaged her personal and religious beliefs, making statements such as:

- She "believes that women can be physically impregnated by witches in their dreams[;]"
- She "believes that lusting after movie stars can conjure demons that can make women physically pregnant with demon babies by impregnating them in their dreams[;]"
- She "claimed that sex with 'tormenting spirits' is responsible for gynecological problems, miscarriages, and impotence[;]"
- She "has claimed alien DNA was used in medical treatments[.]"

(Dkt. #1 ¶ 5). Taken as a whole, "Dr. Immanuel contends that the clear [ ] gist of CNN's statements . . . is that Dr. Immanuel is unfit to be a medical doctor, that her medical judgments and advice are unsafe and/or unsound, and that she peddles disinformation, including harmful medical treatments, and therefore, endangers patients" (Dkt. #15 at p. 6). The statements were nationally broadcast on CNN's cable network and published online to CNN's social media accounts, such as Twitter (Dkt. #1 ¶ 5).

On July 27, 2021, Dr. Immanuel filed suit in the undersigned Court, alleging that CNN's statements were false and defamatory (Dkt. #1). Specifically, Dr. Immanuel contends CNN "humiliated" and "traumatized" her, and substantially harmed her professional reputation in the medical community (Dkt. #1 ¶ 12). As a result, "[m]any media outlets cancelled her appearances" and "[p]otential business partners stepped back from joint ventures and business partnerships," allegedly causing Dr. Immanuel to suffer "millions in lost income" (Dkt. #1 ¶ 12). According to her Complaint, CNN is an entity incorporated in Delaware with its principal place of business in New York (Dkt. #15 ¶ 16). Dr. Immanuel is an individual residing in Houston, Texas, within the Southern District of Texas (Dkt. #36).

On December 17, 2021, CNN moved for dismissal under Federal Rule of Civil Procedure

12(b)(3), or, alternatively, for transfer under 28 U.S.C. § 1404(a) (Dkt. #5). On December 31, 2021, Dr. Immanuel filed a response (Dkt. #15). On January 14, 2022, CNN filed a reply (Dkt. #19).

## LEGAL STANDARD

A party may challenge venue by asserting that venue is improper in a responsive pleading or by filing a motion. FED. R. CIV. P. 12(b)(3). A court may decide whether venue is proper based upon "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (quoting *Ginter ex rel. Ballard v. Belcher, Prendergast & Laport*, 536 F.3d 439, 449 (5th Cir. 2008)). Additionally, when resolving the matter on the pleadings, the Court "must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Mayfield v. Sallyport Glob. Holdings, Inc.*, No. 6:13-CV-459, 2014 WL 978685, at *1 (E.D. Tex. Mar. 5, 2014) (citing *Ambraco*, 570 F.3d at 237–38). If venue is improper, the Court must dismiss, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); FED. R. CIV. P. 12(b)(3).

## ANALYSIS

CNN argues that the Court should dismiss Dr. Immanuel's Complaint under Federal Rule of Civil Procedure 12(b)(3) because venue is not proper in the Eastern District of Texas. Alternatively, if the Court finds venue in this District is proper, CNN argues that the Court should transfer venue under 28 U.S.C. § 1404(a) to the Southern District of Texas. The Court addresses each argument, in turn.

**I.       Dismissal for Improper Venue under Rule 12(b)(3)**

CNN asks this Court to dismiss Dr. Immanuel's claims under Federal Rule of Civil Procedure 12(b)(3), asserting that the Eastern District of Texas is not a proper venue for this suit. Once a defendant raises improper venue by motion, "the burden of sustaining venue will be on [the] Plaintiff." *Cincinnati Ins. Co. v. RBP Chem. Tech., Inc.*, No. 1:07-CV-699, 2008 WL 686156 at *5 (E.D. Tex. Mar. 6, 2008). "Plaintiff may carry this burden by establishing facts that, if taken to be true, establish proper venue." *Id.* (citations omitted). The court "must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Mayfield v. Sallyport Glob. Holdings, Inc.*, No. 6:16-CV-459, 2014 WL 978685 at *1 (E.D. Tex. Mar. 5, 2014) (citing *Ambraco, Inc. v. Bossclip, B.V.*, 570 F.3d 233, 237–38 (5th Cir. 2009)). In determining whether venue is proper, "the Court may look beyond the complaint to evidence submitted by the parties." *Ambraco*, 570 F.3d at 238. If venue is improper, the court must dismiss, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); FED. R. CIV. P. 12(b)(3).

When a party challenges venue, the court must determine whether the plaintiff brought the action in a district outlined in one of 28 U.S.C. § 1391(b)'s three categories: (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) a district within the "fallback option." *Atl. Marine Const. Co. v. U.S. Dist. Ct. W. Dist. of Tex.*, 571 U.S. 49, 56 (2013). This fallback option is triggered "if there is no district in which an action may otherwise be brought as provided in this section" and allows "any judicial district in which any defendant is subject to the court's personal jurisdiction" to be considered a proper venue.

4

§ 1391(b)(3); *Atl. Marine Const.*, 571 U.S. at 56–57 (stating the court is not to address (b)(3) unless it first finds that no other § 1391(b) provision applies). If the plaintiff can establish the action falls into one of these categories, venue is proper in that district; if the plaintiff cannot, venue is improper in that district, and the Court must dismiss the case or transfer it pursuant to § 1406(a) or § 1404(a), respectively. *Id.*

Dr. Immanuel asserts venue is proper in the Eastern District of Texas pursuant to both § 1391(b)(1) and (b)(2) (Dkt. #1 ¶ 19). On the other hand, CNN argues venue is not proper under any of the § 1391(b) categories. Specifically, CNN asserts that venue under (b)(1) is improper because no defendant resides within the Eastern District of Texas; venue under (b)(2) is improper because a substantial part of the events giving rise to the claims did not occur here; and venue under (b)(3) is improper because there are no facts to support its application. The Court will begin by considering whether venue is proper under (b)(1).

**A. Whether the Eastern District of Texas is a Proper Venue Under § 1391(b)(1)**

Venue is proper under (b)(1) if any defendant resides within the district and "all defendants are residents of the State in which the district is located." Here, the defendant, CNN, is a corporation. Under § 1391(c), a corporate defendant is deemed to reside in any judicial district in which the defendant is subject to personal jurisdiction. In a state with multiple districts such as Texas, the question is whether the defendant would be subject to personal jurisdiction in the district where the action was filed, assuming the district was a separate state. § 1391(d); *see also Broadway Nat'l Bank v. Plano Encryption Techs., LLC.*, 173 F. Supp. 3d 469, 473 (W.D. Tex. 2016) (stating "a plaintiff must demonstrate that the defendant has sufficient minimum contacts with the district where suit was brought to show venue was proper") (quoting *Garnet Digit., LLC v. Apple, Inc.*, 893 F. Supp. 2d 814, 815 (E.D. Tex. 2012)). Thus, the Court must determine whether CNN is

subject to personal jurisdiction in the Eastern District of Texas.

The Due Process Clause permits the exercise of personal jurisdiction over a non-resident defendant when the defendant has established minimum contacts with the forum state "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Minimum contacts with a forum state can be satisfied by contacts that give rise to either general jurisdiction or specific jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

### 1. General Jurisdiction

General jurisdiction exists only when the defendant's contacts with the forum state are so "'continuous and systematic' as to render them essentially at home in the forum state." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)); *see Cent. Freight Lines v. APA Transp. Corp.*, 322 F.3d 376, 381 (5th Cir. 2003) (citing *Helicopteros Nacionales de Colum., S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984)). Except in "exceptional cases," a corporation is "at home" only in its state of incorporation and in the state of its principal place of business. *Daimler*, 571 U.S. at 137. Because a corporation that operates in many states or countries can scarcely be deemed at home in all of them, "when a corporation is neither incorporated nor maintains its principal place of business in a state, mere contacts, no matter how systematic and continuous, are extraordinarily unlikely to add up to an exceptional case." *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 629 (2d Cir. 2016) (citing *Daimler*, 571 U.S. at 139 n. 20).

Here, according to the allegations in Dr. Immanuel's Complaint, CNN is a corporation organized under Delaware law with its principal place of business in New York (Dkt. #1 ¶ 16). Consequently, the Eastern District of Texas is not a district in which CNN would be subject to general jurisdiction as it is neither incorporated in the Eastern District nor does it maintain its

6

principal place of business here.[1]

However, despite these allegations of CNN's citizenship made in her Complaint, Dr. Immanuel now claims that CNN has waived any challenge to venue based on its residency in the Eastern District of Texas by not challenging the court's personal jurisdiction over CNN. Thus, according to Dr. Immanuel, "[b]ecause CNN is subject to personal jurisdiction in Texas, it is deemed to 'reside' in Texas" for venue purposes (Dkt. #15) (cleaned up). This argument is dead on arrival. To determine whether venue is proper under § 1391(b)(1) for a multi-district state, the plaintiff must demonstrate that the defendant is subject to personal jurisdiction in the forum district. *See Sanders v. Polaris Indus., Inc.*, No. A-20-CV-1257, 2021 WL 7448731, at *4 (W.D. Tex. July 6, 2021) (stating for a venue analysis, § 1391(d) "clearly requires a corporate defendant have sufficient contacts with the forum district to support personal jurisdiction if that district were treated as a separate [s]tate, even when personal jurisdiction is otherwise proper in the state") (citing *Broadway Nat'l Bank*, 173 F. Supp. 3d at 477). In other words, the question before the Court is whether, if the Eastern District of Texas were its own state, CNN would be subject to the Court's personal jurisdiction in this district based on its case-specific contacts with this district.

While Dr. Immanuel made allegations that CNN is subject to personal jurisdiction in Texas generally, Dr. Immanuel made no attempt to establish whether CNN is subject to general personal jurisdiction in the Eastern District of Texas. The Court finds, therefore, that Dr. Immanuel has not met her burden to show that CNN is subject to general personal jurisdiction in the Eastern District

---

[1] The parties appear to disagree on whether the Court should consider the citizenship of Anderson Cooper ("Cooper"), a former defendant in this suit who was voluntarily dismissed by Dr. Immanuel on December 29, 2021 (Dkt. #14). The Court finds it unnecessary to discuss this point further since Cooper's citizenship does not change the outcome of the (b)(1) analysis. As alleged in Dr. Immanuel's Complaint, Cooper is a citizen of New York (Dkt. #1 ¶ 15). Thus, regardless of whether the Court considers Cooper's citizenship in its (b)(1) analysis, Dr. Immanuel has still failed to show that any defendant resides within the Eastern District of Texas.

of Texas.

For similar reasons discussed below, the Court also finds that Dr. Immanuel has not met her burden to show that CNN is subject to specific personal jurisdiction in the Eastern District of Texas.

### 2. Specific Jurisdiction

Specific jurisdiction is proper when the plaintiff alleges a cause of action that grows out of or relates to a contact between the defendant and the forum state. *Helicopteros*, 466 U.S. at 414 n.8. Defendants who "'reach out beyond one state' and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other state for consequences of their actions." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (citing *Travelers Health Ass'n v. Virginia*, 339 U.S. 643, 647 (1950)). Establishing a defendant's minimum contacts with the forum state requires contacts that are more than "random, fortuitous, or attenuated, or of the unilateral activity of another party or third person." *Id*. For the court to exercise specific jurisdiction, the court must determine "(1) whether the defendant has . . . purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002) (citing *Burger King*, 471 U.S. at 475).

Moreover, to support a finding of specific jurisdiction in a media defamation case, showing "availability of a broadcast in [the] forum state is not enough." *Butowsky v. Gottlieb*, No. 4:19-CV-00180, 2020 WL 5757223, at *4 (E.D. Tex. Sept. 28, 2020) (citing *TV Azteca v. Ruiz*, 490 S.W.3d 29, 45 (Tex. 2016)). "[T]he issue narrows to whether the publication of the allegedly

8

defamatory remarks constituted purposeful availment such that the defendant could have reasonably anticipated being haled into a Texas court as a result of the defendant's statements." *Clemens v. McNamee*, 615 F.3d 374, 379 (5th Cir. 2010), *cert. denied*, 564 U.S. 1052 (2011); *see also Celanese Corp. v. Sahagun*, No. 05-16-00868, 2017 WL 3405186, at *7 (Tex. App.—Dallas Aug. 9, 2017) ("The key inquiry in a challenge to personal jurisdiction over a defamation claim is whether the defamatory statement was directed at the forum state.").

In *Calder v. Jones*, the Supreme Court set out the purposeful availment test used for an author of an allegedly defamatory statement. 465 U.S. 783 (1984). Under *Calder*, the plaintiff must demonstrate that both "(1) the subject matter of and (2) the sources relied upon for the article were in the forum state." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 426 (5th Cir. 2005). In other words, a plaintiff "must establish that Texas was the 'focal point' of both the challenged broadcast and the harm suffered." *Busch v. Viacom Int'l, Inc.,* 477 F. Supp. 2d 764, 772 (N.D. Tex. 2007) (citing *Calder*, 465 U.S. at 788–89). A defendant's contacts identified through *Calder*'s "effects' test" are "but one facet of the ordinary minimum contact analysis, to be considered as part of the full range of defendant's contacts with the forum." *Id.* at 772 (citations omitted).

Dr. Immanuel generally claims that CNN's statements were "intentionally published and broadcast through Texas, including in the Eastern District" (Dkt. #1 ¶ 19). To be clear, that CNN's statements were "published to subscribers in the Eastern District" (Dkt. #15 at p. 2) is the *only* argument Dr. Immanuel puts forth to justify an exercise of specific jurisdiction over CNN. This is not sufficient. As stated, showing "availability of a broadcast in [the] forum state is not enough." *Butowsky*, 2020 WL 5757223, at *4 (citing *TV Azteca v. Ruiz*, 490 S.W.3d 29, 45 (Tex. 2016)). Aside from conclusory allegations, Dr. Immanuel has presented no evidence that CNN's statements were directed at viewers within the Eastern District of Texas, as distinguished from

viewers in other Texas districts. *Revell v. Lidov*, 317 F.3d 467, 473 (5th Cir. 2002). Rather, it appears that CNN's publications of its statements were "accessible to anyone in the world with an [I]nternet connection," or with access to CNN's cable news network. *Golden v. Clear Advantage Mktg.*, No. 15-7569, 2016 WL 9651215, at *6 (E.D. La. Sept. 30, 2016). Moreover, Dr. Immanuel has presented no evidence of any other connection between CNN's statements and the Eastern District of Texas. *see Johnson v. TheHuffingtonPost*, 21 F.4th 314, 319–20 (5th Cir. Dec. 23, 2021) (affirming district court's dismissal for lack of specific personal jurisdiction where allegedly libelous story published online had no ties to forum, did not mention forum, recounted a meeting that took place outside of forum, and used no forum sources).

Likewise, this remains true even where the publisher of the statement is aware that some viewers could be forum residents. *See generally Nunes v. NBCUniversal Media, LLC*, No. 4:21-CV-608, 2022 WL 269101 (E.D. Tex. Jan. 28, 2022); *Sovereign Offshore Servs., LLC v. Shames*, No. 17-CV-80172, 2017 WL 7798664, at *3 n.4 (S.D. Fla. Aug. 3, 2017) ("Defendant's awareness that consumers across the nation may access his blog posts is not enough to support the exercise of personal jurisdiction."). Thus, while Dr. Immanuel contends that "CNN knew or should have known that the statements would be republished over and over by third-parties" possibly residing within the Eastern District (Dkt. #1 ¶ 24), this alone cannot be the basis for which an exercise of specific jurisdiction rests under *Calder*.

Again, Dr. Immanuel has presented no evidence that CNN's publications of the allegedly defamatory statements on its Twitter accounts or through its cable news network were in any way directed at the Eastern District, or specifically curated for an Eastern District audience. *See Bell v. Moawad Grp., LLC*, No. A-17-CA-00073, 2017 WL 2841679, at *5 (W.D. Tex. June 30, 2017). Therefore, because Dr. Immanuel has not shown any link between the defamatory statements and

the Eastern District of Texas, the Court finds she has not met her burden to show that specific jurisdiction may properly be exercised over CNN. Accordingly, because Dr. Immanuel did not show that CNN is subject to personal jurisdiction in this District, venue cannot be proper in this District under § 1391(b)(1).

The Court will now consider whether venue is proper in the Eastern District of Texas under § 1391(b)(2).

### B. Whether the Eastern District of Texas is a Proper Venue Under § 1391(b)(2)

Venue is proper under (b)(2) if events and omissions giving rise to the plaintiff's claims occurred" within this district. § 1391(b)(2). "In a defamation case, the Court may consider the venue of where the defamation occurred and the venue of where the harm was felt to determine the location of 'a substantial part of the events' under § 1391(b)(2)." *Hawbecker v. Hall*, 88 F. Supp. 3d 723, 731 (W.D. Tex. 2015) (citing 14D Charles Alan Wright *et al.*, *Fed. Practice & Procedure* § 3908 (4th ed.)); *S. U.S. Trade Ass'n v. Unidentified Parties*, No. 10-1669, 2011 WL 2457859, at *13 (E.D. La. June 16, 2011) (same). Further, while a plaintiff's residence in a particular judicial district may be an indicator of where the harm was felt, that fact, without more, may not be dispositive in determining where the events or injury occurred. *Nuttal v. Juarez*, 984 F. Supp. 2d 637, 646 (N.D. Tex. 2013) (citing *Bigham v. Envirocare of Utah*, 123 F. Supp. 2d 1046, 1048 (S.D. Tex. 2000)).

Here, the record does not support a finding that any of the relevant events took place within the Eastern District of Texas. To start, the event on which the allegedly defamatory statements were based on occurred in Washington, D.C., on the steps of the United States Supreme Courthouse. There is no evidence that CNN's statements about this event, or about Dr. Immanuel generally, were tied to or targeted the Eastern District of Texas. *Cf. Long v. Grafton Exec. Search,*

11

*LLC*, 263 F. Supp. 3d 1085, 1090 (N.D. Tex. 2003) (venue proper under (b)(2) where the relevant event discussed in the e-mails and phone call communications occurred within the district). In fact, Dr. Immanuel admits that CNN "operates television networks and related properties that offer branded news and other content for consumers in Texas and around the world" (Dkt. #1 ¶ 16). Thus, based on the evidence Dr. Immanuel has submitted at this stage in the litigation, the Court cannot conclude that CNN's relevant broadcast activities were dispersed in a manner specifically intended to target the Eastern District.

Moreover, there is no evidence that CNN's statements concern a citizen of the Eastern District of Texas, or that the reputational harm to Dr. Immanuel occurred in the Eastern District of Texas. *See Hawbecker*, 88 F. Supp. 3d at 731. Dr. Immanuel claims that because of CNN's publication of the allegedly defamatory statements, she suffered substantial injury to her reputation in "the Eastern District of Texas, the Southern District of Texas, and elsewhere in Texas" (Dkt. #15 at p. 14). Yet, the evidence before the Court does not support Dr. Immanuel's allegations. To be sure, Dr. Immanuel is not a citizen of the Eastern District—she resides within Fort Bend County, within the Southern District of Texas (*see* Dkt. #36). Further, both Dr. Immanuel's medical practice and religious practice are located within the Southern District (Dkt. #10 at p. 11). Thus, while there is at least some evidence that Dr. Immanuel's reputation could have been damaged in the Southern District of Texas, the same cannot be said for the Eastern District.

In sum, it is not enough for Dr. Immanuel to assert generally that she suffered damages in Texas; she must connect the facts and allegations behind her claim to the Eastern District of Texas. She did not do so. In the absence of such evidence, the Court cannot find that venue is proper here under § 1391(b)(2).

Accordingly, the Court finds that venue is not proper in this District under § 1391(b)(2).[2] Having found that venue is not proper in this District, the Court will now consider whether it should dismiss or transfer this case.

## II.     Dismissal or Transfer

CNN requests the Court either dismiss the case for lack of proper venue under Federal Rule of Civil Procedure 12(b)(3), or alternatively, transfer the case under 28 U.S.C. § 1404(a). However, § 1404(a) applies where venue is proper in the forum court. *See generally Herman v. Cataphora, Inc.,* 730 F.3d 460, 466 (5th Cir. 2013). Section 1406, in comparison, applies if venue is improper in the forum court. *Id.* Thus, because the Court has found that this case was filed in an improper venue, the Court will analyze CNN's request for transfer under 28 U.S.C. § 1406, rather than § 1404(a).

To transfer a case under § 1406(a), the Court must determine if a proper venue exists under one of the three categories set out in § 1391(b). Under 28 U.S.C. § 1391(b), a civil action may be brought only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; . . . or
> (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). While transfer is generally preferred over dismissal, a court's "decision to transfer is discretionary, and often made to prevent waste of time, energy, and money, and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense."

---

[2] As discussed below, because the Court finds that there is a district in which venue would be proper—the Southern District of Texas—the Court does not perform a § 1391(b)(3) analysis. *See* 28 U.S.C. § 1391(b) (stating (b)(3) applies only "if there is no district in which an action may otherwise be brought" under § 1391).

*Springboards to Ed., Inc. v. Hamilton Cnty. Read 20*, No. 3:16-CV-2509, 2017 WL 3023489, at *5–6 (N.D. Tex. July 14, 2017) (internal citations omitted).

The parties do not dispute that this suit could have been brought in the Southern District of Texas (Dkt. #15 at p. 8, n.4). The Court agrees that venue would be proper in the Southern District under § 1391(b)(2). As stated prior, "Dr. Immanuel alleges that she suffered substantial injury to her reputation and business as a medical doctor as a result of CNN's publications" (Dkt. #15 at p. 6). CNN has presented evidence that if Dr. Immanuel's medical reputation was harmed, it would have been harmed in the Southern District of Texas, where Dr. Immanuel both resides and practices medicine. Moreover, both CNN and Dr. Immanuel assert they will need to collect documents and evidence from the Southern District, as "the majority of the witnesses likely to be called by both Dr. Immanuel and CNN for depositions and/or at trial" are located in the Southern District of Texas (Dkt. #10 at p. 15). Thus, the Court is satisfied that the Southern District of Texas has a significant factual connection to the events giving rise to this action to warrant resolving the matter. *See Volkswagen I*, 371 F.3d at 206.

The Court concludes, therefore, that venue is proper in the Southern District of Texas under § 1391(b)(2). Accordingly, pursuant to § 1406(a), the Court transfers this case to the Southern District of Texas.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Dismiss for Improper Venue or, in the Alternative, Motion to Transfer (Dkt. #10) is **GRANTED in part**.

It is further **ORDERED** that this case is **TRANSFERRED** to the Southern District of Texas.

**IT IS SO ORDERED.**

**SIGNED this 31st day of May, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE