UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DR. STELLA IMMANUEL, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 4:22-CV-02031 |
| CABLE NEWS NETWORK, INC. | § § § | |
| Defendants. | § § § § | |

**CABLE NEWS NETWORK, INC.'S RESPONSE IN OPPOSITION TO
DR. IMMANUEL'S MOTION FOR EXTENSION OF TIME
TO FILE NOTICE OF APPEAL**

           */s/ Robert P. Latham*
           Robert P. Latham
           State Bar No. 11975500
           blatham@jw.com
           Demi S. Williams
           State Bar No. 24084101
           dswilliams@jw.com
           Michael J. Murtha
           mmurtha@jw.com
           State Bar No. 24116801
           **JACKSON WALKER LLP**
           2323 Ross Avenue, Suite 600
           Dallas, Texas  75201
           (214) 953-6000 – Telephone
           (214) 953-5822 – Facsimile

           Katherine M. Bolger
           katebolger@dwt.com
           Sam F. Cate-Gumpert
           samcategumpert@dwt.com
           **DAVIS WRIGHT TREMAINE LLP**
           1251 Avenue of the Americas, 21st Floor
           New York, New York 10020-1104
           (212) 489-8230
           (212) 489-8340
           *Pro Hac Applications Submitted*

**ATTORNEYS FOR CABLE NEWS NETWORK, INC.**

Dr. Immanuel cannot show excusable neglect or good cause for her failure to timely file a notice of appeal; therefore, her motion for an extension of time should be denied.

## I.   STATEMENT OF FACTS

On August 1, 2022, the Court granted Cable News Network's ("CNN") motion to dismiss. The Court found that Dr. Immanuel's claims were not only deficiently pleaded, but that there was no reason to believe that an amendment could cure her claims. Accordingly, the court dismissed her claims with prejudice and entered a final judgment. Dr. Immanuel's time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4 thus began to run on August 1, 2022.

Notwithstanding the express requirements of Rule 4(a), which sets a thirty-day deadline from the entry of final judgment for a civil party to file a notice of appeal, Dr. Immanuel filed her notice of appeal *thirty-one* days after the entry of final judgment. In a per curiam opinion, the Fifth Circuit held that "[t]he lack of a timely notice mandates dismissal of the appeal." *Doctor Stella Immanuel v. Cable News Network, Inc.*, No. 22-20455 (5th Cir. Sept. 27, 2022) (Haynes, J.; Engelhardt, J.; and Oldham, J., concurring). Subsequently, Dr. Immanuel filed a motion requesting that this Court grant her an extension of time to file a notice of appeal. In her motion, she claims excusable neglect because her attorney was apparently unable to forward a previously drafted notice of appeal to local counsel by the August 31 deadline while awaiting jury deliberations in a separate case. She also argues good cause, claiming that the case involves "complex legal questions of first impression" that merit Fifth Circuit review. Both arguments are without merit.

## II.   ARGUMENT

### A. Dr. Immanuel Cannot Show Excusable Neglect.

Pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A)(ii), a party moving for an extension of time to file a notice of appeal must show, among other things, excusable neglect or good cause. When considering whether there was excusable neglect, courts consider the four

*Pioneer* factors. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Courts generally attribute the most weight to the third *Pioneer* factor, which concerns: "the reason for delay, including whether it was within reasonable control of the movant." 16A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3950.3 (5th ed. 2022); *see also In re Davenport*, 342 B.R. 482, 498 (Bankr. S.D. Tex. 2006) (affording the most weight to the third *Pioneer* factor); *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (same); *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000) (same).

In the Fifth Circuit, it has long been the case that "the preoccupation of counsel with other maters does not dispense with the necessity for [] compliance with the rules." *United States v. Bowen*, 310 F.2d 45, 47 (5th Cir. 1962) (citing *Tucker Prods. Corp. v. Helms*, 171 F.2d 126 (9th Cir. 1948)). Relying on *Bowen*, the Fifth Circuit previously held that a party could not claim excusable neglect when it was "distracted" by a business crisis. *Allied Steel, Gen. Contractor v. City of Abilene*, 909 F.2d 139, 143 (5th Cir. 1990), *disapproved of by United States v. Clark on other grounds*, 51 F.3d 42 (5th Cir. 1995).[1] Were the Fifth Circuit to accept such an excuse, it reasoned: "Almost any party to any dispute could argue truthfully that unique or extraordinary circumstances had distracted its attention." *Id.* The Fifth Circuit then extended its holding to Allied Steel's counsel, stating that while Allied Steel did not argue that the crisis distracted its attorney, even if it had, such distraction would not render his neglect "excusable." *Id.* (citing *Bowen*, 310 F.2d at 45).

---

[1] *Clark* disapproved of *Allied Steel*'s holding on whether a mistake of law could constitute excusable neglect post-*Pioneer*. *Clark*, 51 F.3d at 44. *Allied Steel*'s holding on the preoccupation of counsel with other matters remains good law.

<u>CNN'S RESPONSE IN OPPOSITION TO DR. IMMANUEL'S
MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL</u>                                              **Page 4**

Here, counsel's preoccupation with jury deliberations in a separate matter is no excuse for Dr. Immanuel's failure to timely file the notice of appeal. While Dr. Immanuel's argument might have had a shred of merit had counsel been actively engaged in trial, counsel was merely awaiting jury deliberations. His work was finished, the case was with the jury, and he certainly had at least one minute to forward an email. This leads to CNN's second point. The notice of appeal was already drafted and, as Dr. Immanuel herself states, all counsel had to do was forward the notice to local counsel. So, not only was counsel simply waiting on a jury to deliberate, but he also only had to forward an email to meet the deadline to file a notice of appeal. Finally, Dr. Immanuel does not even address why local counsel could not have filed a notice of appeal independently.

The Fifth Circuit has already held that an attorney's preoccupation with a business crisis would not constitute excusable neglect. *Allied Steel*, 909 F.2d at 143. Counsel's failure to forward a document while a jury deliberated in an unrelated matter should fare no better.

### B. Dr. Immanuel Cannot Show Good Cause.

Further, Dr. Immanuel's "good cause" argument is a non-starter. Dr. Immanuel equates "good cause" with merit or importance, but that is not the concern of the good cause inquiry. On the contrary, as the oft-cited Advisory Committee Notes to subdivision (a)(5)(A)(ii) demonstrate:

> The good cause standard applies in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant. Thus, the good cause standard can apply to motions brought during the 30 days following the expiration of the original deadline. If, for example, the Postal Service fails to deliver a notice of appeal, a movant might have good cause to seek a post-expiration extension. It may be unfair to make such a movant prove that its 'neglect' was excusable, given that the movant may not have been neglectful at all.

Advisory Committee Notes to FED. R. APP. P. 4, Subdivision (a)(5)(A)(ii), 2002 Amendments. *See also Haskett v. Orange Energy Consultants, LLP*, No. 3:14-CV-348, 2018 WL 9347901, at *1 (S.D. Tex. Nov. 28, 2018) (quoting Advisory Committee Notes for the excusable neglect and good

cause standards); *Jingping Xu v. Univ. of Texas MD Anderson Cancer Ctr.*, No. 4:10-CV-3711, 2013 WL 6210641, at *1 (S.D. Tex. Nov. 27, 2013) (same).

The paradigmatic example that the Committee provided and the Court relies on—the Postal Service failing to deliver a movant's notice of appeal—establishes that good cause has nothing to do with the merits or "importance" of an appeal. Rather, the good cause prong serves as a safeguard for movants who, through no fault of their own, face some external circumstance that counsels in favor of granting them extra time to file their notice of appeal. That is simply not the case here.

### III.   CONCLUSION

CNN opposes Dr. Immanuel's motion and respectfully asks that the Court deny it.

Dated: October 4, 2022                              Respectfully submitted,

/s/ Robert P. Latham
Robert P. Latham
State Bar No. 11975500
blatham@jw.com
Demi S. Williams
State Bar. No. 24084101
dswilliams@jw.com
Michael J. Murtha
mmurtha@jw.com
State Bar No. 24116801
**JACKSON WALKER LLP**
2323 Ross Avenue, Suite 600
Dallas, Texas  75201
(214) 953-6000 – Telephone
(214) 953-5822 – Facsimile

Katherine M. Bolger
katebolger@dwt.com
Sam F. Cate-Gumpert
samcategumpert@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1251 Avenue of the Americas, 21st Floor
New York, New York 10020-1104
(212) 489-8230
(212) 489-8340
*Pro Hac Applications Submitted*

**ATTORNEYS FOR CABLE NEWS NETWORK, INC.**

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 4, 2022, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the Court's electronic case filing system. The foregoing document has been served on Plaintiff's counsel as referenced below:

***Via the Court's CM/ECF Notification System:***

Madhu S. Sekharan, Esquire
16614 Radiant Lilac Trail
Cypress, TX 77433-6365
MSekharanAttorney@outlook.com

***Via Electronic Mail***

Steven S. Biss
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
stevenbiss@earthlink.net

                                         */s/ Robert P. Latham*
                                         Robert P. Latham