Case 4:22-cv-02031   Document 64   Filed on 10/21/22 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
October 21, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DR. STELLA IMMANUEL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-22-2031 |
| | § | |
| CABLE NEWS NETWORK, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Dr. Stella Immanuel sued CNN for defamation. The court dismissed her complaint with prejudice. (Docket Entry No. 54). Dr. Immanuel sought to appeal the dismissal, but she filed her notice of appeal a day after the 30-day deadline. Because that 30-day deadline is a jurisdictional limitation, the Fifth Circuit dismissed her appeal. (Docket Entry No. 59). Dr. Immanuel moves under Federal Rule of Appellate Procedure 4(a)(5) to extend the time in which to file her notice of appeal. (Docket Entry No. 61). Dr. Immanuel argues that either excusable neglect or good cause support the extension. (*Id.* ¶ 6). CNN opposes the motion. (Docket Entry No. 62).

**I.  Analysis**

A court evaluating a motion to extend the time to file a notice of appeal on the basis of excusable neglect makes an equitable decision "taking account all of the relevant circumstances surrounding the party's omission." *Midwest Emps. Cas. Co. v. Williams*, 161 F.3d 877, 879 (5th Cir. 1998) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Relevant factors "include . . . the danger of prejudice . . ., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

Dr. Immanuel states that her primary counsel timely prepared her notice of appeal, but that her counsel was awaiting the verdict in an unrelated jury trial and was "unable" to forward the notice to her Texas counsel for filing. (Docket Entry No. 61 ¶ 6(a)). CNN argues that counsel's failure to forward the document for timely filing is not excusable neglect. (Docket Entry No. 62 at 5). CNN does not argue that it would be prejudiced by the extension, or that the motion is made in bad faith.

Dr. Immanuel does not even try to explain why her counsel could not forward the notice of appeal while waiting for a jury verdict in another case. Filing a notice of appeal is a ministerial task. The record does not present any basis to find an excuse for the negligent failure to file the notice of appeal within the deadline, or to delegate that task to another attorney, a paralegal, or an assistant.

The court finds that counsel's failure to send or forward an email with the notice of appeal because he was awaiting a jury verdict in another case is not excusable neglect. In *Williams*, the Fifth Circuit observed that it "le[ft] open the possibility that some misinterpretations of the federal rules could constitute excusable neglect," but that would be a "rare case indeed." *Williams*, 161 F.3d at 880. The court held that the district court abused its discretion in granting the extension under the circumstances. *Id.* This case presents an even stronger basis for denying an extension; counsel understood the rule and the deadline but did not comply. Dr. Immanuel essentially argues that her counsel was distracted, which is not an excuse for neglect.

The cases cited by Dr. Immanuel do not support a different outcome. In *Roberts v. Yellen*, No. 20-50849, 2021 WL 2461205 (5th Cir. June 16, 2021) (per curiam), the court did not review the district court's decision to grant the extension of time, merely its own jurisdiction to hear the case. *Bates v. Dir., TDCJ-CID*, No. 13-cv-371, 2014 WL 3868011, at *1 (E.D. Tex. Aug. 5, 2014),

concerned an incarnated person representing himself "with limited access to the law library and limited knowledge in preparing the required documents and [who] wishe[d] to consult with more knowledgeable inmates." The individuals responsible for filing the notice of appeal here were lawyers, not pro se incarcerated individuals. The issue in *Davis v. Valdez*, No. 12-cv-2013, 2014 WL 684963, at *2 (N.D. Tex. Feb. 21, 2014), was the ability of an incarcerated person to timely file a notice of appeal after his transfer to a different facility. *Richardson v. Quarterman*, No. 8-cv-83, 2008 WL 4017259, at *2 (S.D. Tex. Aug. 29, 2008), also involved a pro se prisoner unfamiliar with federal procedure who "did not know final judgment had been entered." At most, these cases suggest that courts are solicitous to self-representing incarcerated litigants who lack knowledge of the rules and who face logistical problems in timely filing a notice of appeal.[1] Dr. Immanuel's is not the "rare case" in which counsel's failure amounts to excusable neglect. *Williams*, 161 F.3d at 880.

The other ground for Dr. Immanuel's motion is good cause. She argues that "this case involves complex legal questions of first impression and significant import to both Plaintiff and the broader medical profession," warranting appellate review. (Docket Entry No. 61 ¶ 6(b)). Dr. Immanuel cites only Texas state-court decisions in support of this argument. Those cases may not apply the relevant standard, because "federal courts are to apply . . . federal procedural law." *Hanna v. Plumer*, 380 U.S. 460, 465 (1965). Additionally, this argument misunderstands what the term "good cause" means in the context of Rule 4(a)(5)(A)(ii). As CNN points out, the committee notes to the rule state that "[t]he good cause standard applies in situations *in which there is no*

---

[1] The court notes that a motion for an extension of time under Rule 4(a)(5) for circumstances beyond the movant's control is properly evaluated under the more lenient "good cause" standard. FED. R. APP. P. 4, advisory comm. notes, 2002 amends., subdivision (a)(5)(A)(ii).

3

*fault*—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is *not within the control of the movant*." FED. R. APP. P. 4, advisory comm. notes, 2002 amends., subdivision (a)(5)(A)(ii) (emphases added). It is plain that timely filing the notice of appeal was within Dr. Immanuel's counsel's control.

Even if the meaning of "good cause" was extended to favor appellate review of "complex legal questions of first impression and significant import to . . . the broader medical profession," (Docket Entry No. 61 at 4), Dr. Immanuel fails to demonstrate good cause. Although Dr. Immanuel's complaint involved allegedly defamatory statements on medical issues of contemporary national concern, the grounds for dismissing the complaint were clear under well-established law. Dr. Immanuel overstates the extent to which the importance of an appeal supports a more flexible standard for extending the deadline for filing a notice of appeal and overstates the complexity and importance of her lawsuit.

## II.  Conclusion

The court denies the motion. (Docket Entry No. 61).

SIGNED on October 21, 2022, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge